IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MYRON GRACE, et al., | ) CASE NO. 1:22 CV 1722 |
| Plaintiffs, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| MONEYGRAM, et. al., | ) |
| Defendants. | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |

I. Introduction

*Pro se* plaintiffs Myron Grace and Rakhshanda Talib filed an action against Defendants MoneyGram and CVS Health Corporation ("CVS") in the Cuyahoga County Court of Common Pleas, alleging Defendants violated their civil rights under 42 U.S.C. § 1983. Plaintiffs also alleged various state law claims, including a violation of Ohio Rev. Code § 2305.10 (product liability and actions for bodily injury or injuring personal property; childhood sexual abuse) and Ohio Rev. Code § 2917.21(A)(7) (telecommunications harassment), and a violation of a fiduciary duty as outlined in Ohio Rev. Code, "Chapters 2101 to 2131." (Doc. No. 1-1).

Defendants removed the action to this Court and filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), alleging Plaintiffs have failed to state a claim upon which relief can be granted. (Doc. No. 3). Plaintiffs opposed Defendants' motion (Doc. Nos. 9, 13).

For the following reasons, Defendants' motion is granted, and this action is dismissed.

## II. Background

Plaintiffs' allegations concern a wire transfer transaction attempted at CVS in Shaker Heights, Ohio on April 11, 2022. Plaintiffs claim that when they attempted to complete a wire transfer through MoneyGram for $600, CVS mistakenly refused to pay Plaintiffs on the transaction. According to the complaint, CVS advised Plaintiffs that its policy was to pay only $500 of the transaction in cash, with the remaining amount to be issued in a money order, but CVS did not have a money order machine with which to issue the remaining $100. Plaintiffs state that CVS explained its mistake to MoneyGram. Plaintiffs allege that, subsequently, MoneyGram made several promises to pay Plaintiffs on the transaction, lied to Plaintiffs, and never intended to pay on the transaction. Plaintiffs claim that MoneyGram "practice[d] institutional racism," used "racial profiling," and denied Plaintiffs the transfer of funds based on their race.

## III. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for the dismissal of claims when the claimant has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under this rule, the function of the Court is to test the legal sufficiency of the complaint. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). And in reviewing the complaint, the Court must construe the pleading in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007);*Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Legal conclusions and

unwarranted factual inferences, however, are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (The Court is "not bound to accept as true a legal conclusion couched as a factual allegation.").

Additionally, courts must read Rule 12(b)(6) in conjunction with Federal Civil Procedure Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (citing *Twombly*, 550 U.S. at 596). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8, Plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* Rule 8 requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). And the Court holds a *pro se* complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520). The Court is not required, however, to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008)

(citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### IV. Discussion

### A. 42 U.S.C. § 1983

Plaintiffs appear to allege that Defendants discriminated against Plaintiffs when they failed to complete the wire transfer transaction, in violation of 42 U.S.C. § 1983. Plaintiffs state that Defendants "practice[d] institutional racism" and "used racial profiling" to deny Plaintiffs immediate release of the transferred funds.

To state a claim under § 1983, Plaintiffs must show that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Gomez v. Toledo,* 446 U.S. 635, 640 (1980) (citation omitted). To be considered to have acted "under color of state law" for purposes of § 1983, generally, a person must be a state or local government official or employee. A private party may be found to have acted under color of state law only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974).

To the extent Plaintiffs allege a § 1983 claim against both defendants, these claims are dismissed. Here, Defendants MoneyGram and CVS are private parties, not government officials or entities. And there is no suggestion on the face of the complaint that Defendants were acting on behalf of, or obtaining significant aid from, the state such that their conduct was considered

state action. Nor do Plaintiffs allege any facts suggesting that Defendants exercised a power that is reserved exclusively for the State of Ohio. There is therefore no plausible federal cause of action based on 42 U.S.C. § 1983.

### B. State Law Claims

The remainder of Plaintiffs' claims appear to be state law claims. Plaintiffs appear to allege that Defendants violated Ohio Rev. Code §§ 2305.10 and 2917.21(A)(7) and their fiduciary duties as outlined in Chapter 2109 of the Ohio Revised Code. Plaintiffs' complaint fails to state a claim for relief under any of these sections of the Ohio code.

Section 2305.10 outlines the statute of limitations for product liability claims and actions for bodily injury or injury to personal property, as well as childhood sexual abuse. There is no suggestion in Plaintiffs' complaint, however, of any factual allegations concerning a product liability claim, a claim for bodily or injury to personal property, or childhood sexual abuse. Plaintiffs' citation to § 2305.10 and the statement that "MoneyGram did violate Plaintiffs ... [by] knowingly and purposely holding the plaintiffs' money even though they made an immediate request" is a conclusory statement that is devoid of any factual allegations. Plaintiffs have therefore failed to state a cognizable claim under § 2305.10.

Section 2917.21(A)(7) of the Ohio Revised Code provides that "[n]o person shall knowingly make or cause to be made a telecommunication, or knowingly permit a telecommunication to be made from a telecommunications device under the person's control, to another, if the caller ... [w]ithout a lawful business purpose, knowingly interrupts the telecommunication service of any person." Plaintiffs' complaint lacks any factual allegations that Defendants knowingly interrupted the telecommunication service of any individual. Plaintiffs'

conclusory statement that "MoneyGram purposely used the plaintiffs' race as a condition not to trust the transfer of the monies" is nothing more than "an unadorned, the-defendant-unlawfully-harmed-me-accusation" and does not support a claim for telecommunications harassment under § 2917.21(A)(7). *See Iqbal*, 556 U.S. at 678.

Finally, citing Chapter 2109 of the Ohio Revised Code, Plaintiffs appear to claim that Defendants violated a fiduciary duty by denying Plaintiffs money in a timely manner because "MoneyGram did have a responsibility to provide service and held in lien monies owed to the plaintiffs unlawfully and against their will." Section 2109.01 defines a fiduciary as "any person ... appointed by and accountable to the probate court and acting in a fiduciary capacity for any person, or charged with duties in relation to any property, interest, trust, or estate for the benefit of another." Plaintiffs complaint is devoid of any factual allegations demonstrating that a fiduciary relationship existed between any of the parties. Plaintiffs' sole statement that MoneyGram had a responsibility to provide a service to Plaintiffs is conclusory and speculative, and it fails to state a plausible claim under Chapter 2109.

## V. Conclusion

Accordingly, Defendants' motion to dismiss (Doc. No. 3) is granted, and this action is dismissed. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: December 2, 2022